UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/7/2022
```

IN RE: LORRAINE SANTOLI,

            Debtor.

LORRAINE SANTOLI,

            Appellant,

   -against-

NEWREZ LLC,

            Appellee.

No. 21 Civ. 8545 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

      This appeal arises from the Chapter 13 bankruptcy proceedings of Appellant-Debtor Lorraine Santoli in the Southern District of New York, Case No. 16-23516 (SHL). On June 2, 2021, the Court issued a bench ruling granting Appellant-Debtor's claim objection to Bank of New York Melon's ("BNYM") Proof of Claim No. 2-1 for lack of standing. (*See* Case No. 16-2351616, ECF No. 101.) Following that order, Appellant-Debtor requested relief under 11 U.S.C. § 506(d) to void BNYM's lien on Appellant-Debtor's real property. The Bankruptcy Court denied that request on September 21, 2021. *In re Santoli*, 631 B.R. 827, 828 (Bankr. S.D.N.Y. 2021) ("Bankruptcy Court's Order"). Appellant-Debtor appealed on October 18, 2021 before this Court. For the following reasons, the Bankruptcy Court's Order is AFFIRMED in its entirety.

## **BACKGROUND**

The following facts are derived from the uncontested facts before the Bankruptcy Court and the record on appeal.

Appellant-Debtor initially filed her Chapter 13 Voluntary Petition on November 4, 2016. (*See* ECF No. 4.)   In November 2016, Shellpoint Mortgage Servicing ("Shellpoint" or "Appellee")[1], the servicer for BNYM (a creditor), filed its Proof of Claim No. 2-1 in order to establish rights to enforce a note and related mortgage lien upon the Appellant-Debtor's real property located in Baldwin Place, New York.   (*See* Case No. 16-2351616, ECF No. 34.) Shellpoint attached an unendorsed Consolidated Note made payable to Countrywide Home Loans, Inc., but did not provide further documentary evidence of any transfers of title showing how or when BNYM became the owner of the note.   (*Id*.)   Appellee's counsel entered an appearance in the bankruptcy proceedings in May 2018.  (*See* Case No. 16-2351616, ECF No. 26.)

On April 23, 2019, the Appellant-Debtor filed an expungement motion seeking to expunge the Proof of Claim No. 2-1.   (*See* Case No. 16-2351616, ECF No. 34.)  Appellant-Debtor did not serve Shellpoint at the correct address, and Shellpoint did not respond to the expungement motion or appear at the July 2019 hearing.   As a result, the matter was adjourned to late August 2019. However, Shellpoint failed to appear at the hearings on the expungement motion in August 2019 and November 2019. (*See* Case No. 16-2351616, ECF Nos. 38, 40.)  Given Shellpoint's failure to appear, the Bankruptcy Court entered an Order to Show Cause in late November 2019, and provided that a hearing on the expungement motion would be scheduled for January 15, 2020. (*See* Case Nos. 16-2351616, ECF No. 42, 45.)

---

[1]      Shellpoint is now known as Newrez LLC.  However, for purposes of this Order and Opinion, the Court will refer to Appellee as "Shellpoint."

The Bankruptcy Court rescheduled the hearing to January 8, 2020, and notified all parties via email and on the Bankruptcy Court's website, but did not specifically post notification of such change on the docket.  Shellpoint was not directly served with notice of the date change.  Shellpoint failed to appear at the January 8, 2020 hearing, and the Bankruptcy Court granted the Debtor's expungement motion on the record.  (*See* Case No. 16-2351616, ECF No. 70.)  Shellpoint filed a timely motion for reconsideration of the expungement order, which the Bankruptcy Court granted because Shellpoint was not directly served with notice of the changed hearing date for the Order to Show Cause.  *See In re Santoli*, 627 B.R. 595, 601 (Bankr. S.D.N.Y. 2021).  The expungement order was therefore voided.  *Id*. at 602.

Throughout the course of the proceedings, Shellpoint failed to attach an appropriately endorsed Consolidated Note to its Proof of Claim submissions.  *In re Santoli*, 631 B.R. at 829.  Almost a year after Shellpoint filed its amended Proof of Claim, Shellpoint filed a Consolidated Note that had been endorsed-in-blank by Countrywide Home Loans, Inc. as part of its motion for reconsideration.  (*See* Case No. 16-2351616, ECF No. 73-9.)  However, Shellpoint never amended its Proof of Claim to include the endorsed Consolidated Note.  At the June 2, 2021 hearing held by the Bankruptcy Court, Shellpoint conceded that none of its filed Proofs of Claim included an endorsed note.  (*See* Case No. 16-2351616, ECF No. 101.)  The Bankruptcy Court, noting the extensive passage of time and opportunities Shellpoint had to make a correct Proof of Claim filing, ruled that Shellpoint lacked standing to enforce its Proof of Claim because of its failure to demonstrate that it possessed a purported note endorsed-in-blank as of the date that the Debtor's bankruptcy case began.  (*Id.*)

Afterwards, the Court gave the parties opportunity to brief on the issue of whether BNYM's lien should be voided under Section 506(d) of the Bankruptcy Code.  (*Id*.)  Following briefing by

3

the parties on that issue, the Bankruptcy Court denied Appellant-Debtor's request to void the BYNM's lien. *In re Santoli*, 631 B.R. at 832. Appellant-Debtor appealed that decision on October 18, 2021, which is now before this Court.

## STANDARD OF REVIEW

A district court hearing an appeal from a bankruptcy court reviews the bankruptcy court's findings of fact under the "clearly erroneous" standard, *see* Fed. R. Bankr. P. 8013, while its conclusions of law are reviewed under the *de novo* standard. *See In re Bennett Funding Group, Inc.,* 146 F.3d 136, 137 (2d Cir. 1998). Under *de novo* review, the Court affords no deference to the Bankruptcy Court's decision and decides the question as if no decision had been previously rendered. *See In re Reilly*, 245 B.R. 768, 772 (2d Cir. BAP), *aff'd*, 242 F.3d 367 (2d Cir. 2000) ("A *de novo* review allows us to decide the issue as if no decision had been previously rendered . . .. No deference is given to the Bankruptcy Court's decision.") (*quoting In re Miner*, 229 B.R. 561, 565 (2d Cir. BAP 1999)).

By contrast, review for clear error is much more deferential to the Bankruptcy Court's findings. Clear error exists "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dist. Lodge 26, Int'l Ass'n of Machinists & Aerospace Workers, AFL–CIO v. United Techs. Corp.*, 610 F.3d 44, 51 (2d Cir. 2010) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). While the lower court's findings of fact are not conclusive on appeal, the party that seeks to overturn them bears a heavy burden. "To be clearly erroneous, a decision must strike [us] as more than just maybe or probably wrong; it must . . . strike [us] as wrong with the force of a five-week-old, unrefrigerated dead fish." *In re Reilly*, 245 B.R. at 772 (quoting *In re Miner*, 229 B.R. at 565). "Particular deference is given to a bankruptcy court's findings on credibility." *In re*

*Portaluppi*, 609 F. App'x 30, 31 (2d Cir. 2015) (citing *In re CBI Holding Co.*, 529 F.3d 432, 450 (2d Cir. 2008)).

The court reviews mixed questions of law and fact either de novo or under the clearly erroneous standard depending on whether the question is predominantly legal or factual. *Bay Harbour Mgmt., L.C. v. Lehman Bros. Holdings Inc.*, 415 B.R. 77, 83 (S.D.N.Y. 2009) (internal quotation and citation omitted); *In re Gordon*, 577 B.R. 38, 49 (S.D.N.Y. 2017) ("Bankruptcy courts have the discretion to decide an issue without holding an evidentiary hearing, and a district court can reverse such a decision only if it amounts to an abuse of discretion.")

Finally, the Bankruptcy Court's decisions regarding the management of its docket, including decisions not to hold an evidentiary hearing, are reviewed for abuse of discretion. *See In re Fletcher Intern. Ltd.*, 536 B.R. 551, 557 (S.D.N.Y. 2015); *In re Gordon*, 577 B.R. 38, 49 (S.D.N.Y. 2017) ("Bankruptcy courts have the discretion to decide an issue without holding an evidentiary hearing, and a district court can reverse such a decision only if it amounts to an abuse of discretion.").

## DISCUSSION

By its brief, Appellant-Debtor presents the following issues on appeal: (i) whether the Bankruptcy Court disallowed Appellee's Proof of Claim based on substantive, not procedural, grounds and was therefore empowered to void the lien; (ii) whether the Bankruptcy Court erred as a matter of law by ruling that the lien could not be voided without an adversary proceeding; and (iii) whether the Bankruptcy Court erred as a matter of law by ruling that the lien would not be voided without an evidentiary hearing. ((ECF No. 5) ("Appellant's Br.") at 12, 18, 20.) Appellee argues that the Bankruptcy Court's findings should all be affirmed. For the reasons articulated below, the Court agrees with Appellee, and DISMISSES Appellant-Debtor's bankruptcy appeal.

***Whether the Claim was Disallowed based on Procedural or Substantive Grounds***

From the outset, Appellant-Debtor and Appellee both concede that a lien cannot be voided where a claim is disallowed on "procedural" grounds. (Appellant Br. at 12; (ECF No. 7) ("Appellee Br.") at 9) *See In re Hamlett,* 322 F.3d 342, 348 (4th Cir. 2003) ("[Section] 506[d] only empowers the bankruptcy court to void liens supporting disallowed claims if it judges those liens to be invalid in substance."); *see also Kohout v. Nationstar Mortgage, LLC*, 576 B.R. 290, 296 (N.D.N.Y. 2017 (same).

The Bankruptcy Court's June 2, 2021 decision as to Appellee's lack of standing to enforce the note underlying its Proof of Claim was based on Appellee's failure to properly amend its claim to include an endorsed Consolidated Note. (*See* Case No. 16-2351616, ECF No. 101.) *See Kohout v. Nationstar Mortg*., *LCC*, 576 B.R. 290, 296 (N.D.N.Y. 2017) (finding that because the bankruptcy court disallowed the claim on procedural grounds, the creditor's lien was not void). The Court therefore agrees with Appellee that it would have been inappropriate to void Appellee's lien, given the procedural nature of the Bankruptcy Court's ruling.

Appellant-Debtor attempts to reframe the Bankruptcy Court's June 2, 2021 decision by arguing that the Bankruptcy Court disallowed the Proof of Claim on the *substantive* basis of lack of standing, not for a procedural failure to attach the documentation required under Bankruptcy Rule 3001(c). (Appellant's Br. at 12,16.) Appellant-Debtor cites to *In re Pinnock*, 594 B.R. 609 (Bankr. S.D.N.Y. 2018) to state that "a Court's finding of lack of standing, based on a creditor's failure to meet its burden to prove standing, is a substantive basis to disallow a claim." (*Id.*) However, *Pinnock* is distinguishable from the instant bankruptcy case because *Pinnock* involved actual, substantive litigation and consideration by the court of the creditor's standing, instruments, and legal arguments regarding possession of the relevant note. *In re Pinnock*, 594 B.R. at 614–18.

Here, standing was not substantively litigated at any point, nor was an evidentiary hearing conducted on the standing issue.

Therefore, the Bankruptcy Court did not err in its determination that it could not void the lien because there had been no substantive determinations regarding Appellee's Proof of Claim. *See Kohout v. Nationstar Mortg*., LLC, 576 B.R. 290, 296 (N.D.N.Y. 2017) ("The fundamental purpose of the claims allowance process and the various rules for filing proofs of claim and allocating burdens of proof is to provide a fair and inexpensive procedure for the proper determination of claims *on the merits*.") (citing *In re Shank*, 315 B.R. 799, 814 (Bankr. N.D. Ga. 2004) (emphasis added)); *see also In re Porter*, 374 B.R. 471, 480 (Bankr. D. Conn. 2007) ("lack of the documentation required by Rule 3001(c) [Proof of Claim requirements]. . . is not a substantive ground for disallowing a claim.").

### Whether the Lien Could Not be Voided Without Any Adversary Proceeding

Next, Appellant-Debtor argues that the Bankruptcy Court erred when it determined that the lien could not be voided without an adversary proceeding. Appellant-Debtor avers that because the Bankruptcy Court disallowed the Proof of Claim based on the *substantive* finding of lack of standing, the Bankruptcy Court should have therefore voided the Proof of Claim under Section 506(d) without requiring an adversary proceeding. (Appellant Br. at 18–20.) As discussed above, and for the reasons explained by the Bankruptcy Court, Appellant-Debtor is incorrect that the Proof of Claim was disallowed on substantive grounds. Rather, the reasons why the Proof of Claim was disallowed were procedural. *See In re Santoli*, 631 B.R. at 831–32.

As the Bankruptcy Court and Appellee correctly note, and as applicable here, Rule 7001(2) provides that proceedings "to determine the validity, priority, or extent of a lien or other interest in property" must be brought by adversary proceeding. *See* F.R. Bankr. P. 7001(2); *see also In re*

7

*Osuji*, 580 B.R. 36, 45 (Bankr. E.D.N.Y. 2018) (lien avoidance must be brought by adversary proceeding).  Appellant-Debtor's attempt to point to *Pinnock* is to no avail, because in that case, the creditor appeared to have acquiesced to foregoing an adversary proceeding, and in any event, the *Pinnock* court held an evidentiary hearing before voiding the creditor's lien on the merits.  *See In re Pinnock*, 549 B.R. at 610–11.  Here, the Bankruptcy Court held no evidentiary hearing nor did Appellee acquiesce to forego an adversary proceeding.  Therefore, the Court agrees with the Bankruptcy Court's determination that it could not void the Proof of Claim without an adversary proceeding.

***Whether the Lien Could Not be Voided Without an Evidentiary Hearing***

Lastly, Appellant-Debtor argues that the Bankruptcy Court abused its discretion by determining that the lien could not be voided without an evidentiary hearing.   Appellant-Debtor avers that there is no requirement that an evidentiary hearing be held on a request to void a lien pursuant to Section 506(d), and that there was ample basis on the record for the Bankruptcy Court to grant the Debtor's motion to void the lien based on the arguments submitted on the record. (Appellant Br. at 21)

The Court, however, finds that the Bankruptcy Court properly exercised its discretion to abstain from holding an evidentiary hearing, particularly as the parties conceded that Appellee would still have the opportunity to defend its right to enforce the lien in state court through a foreclosure or quiet title action proceeding. *In re Santoli*, 631 B.R at 832; *see also In re Osuji*, 580 B.R. 36, 44 (Bankr. E.D.N.Y. 2018) (Bankruptcy Court abstained from hearing action for lien avoidance here determination would predominantly involve state law issues.)   The Court, moreover, disagrees with Plaintiff's conclusory statement that the Bankruptcy Court had ample evidence supporting lien avoidance, given that there had been no evidentiary hearing or substantive

determination regarding the validity of Appellee's lien, as required before voiding a lien.  *See* F.R. Bankr. P. 3007 and 7001(2).

**<u>CONCLUSION</u>**

Based on the foregoing, the decision of the Bankruptcy Court is AFFIRMED. The Clerk of the Court is kindly directed to CLOSE this case.

Dated:  October 7, 2022
       White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE